UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

Lawrence Alexander Alvarado, )
    Petitioner, )
    ) No. 20 CV 50185
v. ) Judge Iain D. Johnston
    )
Andrew Ciolli,[1] )
    Respondent. )

# MEMORANDUM OPINION AND ORDER

  Petitioner Lawrence Alexander Alvarado has filed a petition under 28 U.S.C. § 2241 challenging his designation as an armed career criminal and the 15-year minimum sentence that designation carries. For the reasons that follow, Mr. Alvarado's petition [1] and amended petition [18] are denied.

# BACKGROUND

  Mr. Alvarado was indicted on one count of unlawful possession of a firearm by a felon in violation of 18 U.S.C. § 922(g)(1). *See United States v. Alvarado*, 6:06 CR 39 (M.D. Fla.) at Dkt. 1. The indictment also listed six prior felony convictions including for burglary, false imprisonment, forgery, and drug offenses, and alleged that Mr. Alvarado was subject to a 15-year minimum sentence as an armed career criminal under 18 U.S.C. § 924(e). *Id.* Mr. Alvarado pleaded guilty. *Id.* at Dkt. 49. His Presentence Investigation Report calculated his total offense level to be 31, his criminal history category to be VI, and his sentencing range to be 188 to 235 months. PSR (Dkt. 31) at 21. The sentencing judge accepted that calculation and determined that Mr. Alvarado was subject to a 15-year minimum sentence under the Armed Career Criminal Act, 18 U.S.C. § 924(e), based on three or more prior violent felonies and/or serious drug offenses. *Alvarado*, 6:06 CR 39 (M.D. Fla.) at Dkt. 103 at 40, 42-43. The judge sentenced Mr. Alvarado to 218 months' incarceration and four years' supervised release. *Id.* at Dkt. 86.

  Mr. Alvarado appealed, challenging the district court's denial of his motion to withdraw his guilty plea and its determination that he was an armed career criminal, but the Eleventh Circuit affirmed. *See United States v. Alvarado*, 264 Fed. Appx. 829, 830 (11th Cir. 2008). He then filed a motion under 28 U.S.C. § 2255 arguing that his attorney was ineffective for failing to challenge his designation as an armed career criminal, but the district court denied his motion. *See Alvarado v. United States*, No. 6:08 CV 1801, 2010 WL 1759547 (M.D. Fla. Apr. 29, 2010). The district court and Eleventh Circuit denied him a certificate of appealability, *see id.* at *4; *Alvarado v. United States*, No. 10-12297 (11th Cir. Oct. 18, 2010), and the Eleventh Circuit denied his two requests to file a second or successive § 2255, s*ee Alvarado*, 6:06 CR 39 (M.D. Fla.) at Dkts. 119, 120. He once again challenged his designation as an armed career criminal in

---

[1] The warden of AUSP Thomson is now Andrew Ciolli. Pursuant to Federal Rule of Civil Procedure 25(d), he is automatically substituted as the defendant to this suit.

a petition he filed under 28 U.S.C. § 2241 with the district court in Arizona where he was housed at the time, but it dismissed his petition. *See Alvarado v. Shartle*, No. 4:17 CV 40, 2017 WL 6884321, at *3 (D. Ariz. Sept. 20, 2017). The district court and Ninth Circuit both denied him a certificate of appealability. *Id*. at *7; *Alvarado v. Unknown Party*, No. 17-17405 (9th Cir.) at Dkt. 14.

After being transferred from Arizona to U.S.P. Thomson within this district, Mr. Alvarado filed a new petition under 28 U.S.C. § 2241, followed by an amended petition. Dkts. 1, 18. According to his petitions, his prior convictions for burglary, false arrest, and drug offenses can no longer serve as predicate offenses under the ACCA. Dkt. 1 at 6. Specific to the drug offenses, he argues that in determining whether they qualified as serious drug offenses under the ACCA, the district court erred by looking beyond the text of the statute of conviction and instead considering his actual conduct. *Id.* He contends the error also led the district court to sentence him beyond the statutory maximum, and as a result violated the Separation of Powers doctrine by exceeding the maximum sentence Congress allowed. Dkts. 18 at 6; 21 at 1-2. In response to his petitions, the respondent argues that Mr. Alvarado cannot raise his arguments under § 2241, and that even if he could his three prior drug offenses were properly considered predicates, and adequate to support an enhancement under the ACCA regardless of the burglary and false arrest convictions. The Court notes that in addition to his petition and amended petition, Mr. Alvarado filed a motion for leave to file an amended reply brief [24] and to take judicial notice [25], both of which are granted. The Court has taken into account the arguments and authorities in all of the petitioner's filings.

## ANALYSIS

Mr. Alvarado's attempt to attack his sentence through a petition under 28 U.S.C. § 2241 presents numerous procedural hurdles. The normal avenue available to a federal prisoner to collaterally attack a sentence is 28 U.S.C. § 2255. But the ability to obtain relief under § 2255 is limited: for instance, a motion must be brought within one year of the conclusion of the direct appeal, *see* 28 U.S.C. § 2255(f); a prisoner may bring only one motion under § 2255 as of right, *see* § 2255(h); and a second or successive motion must be based on either newly discovered evidence or a Supreme Court case involving a new interpretation of the U.S. Constitution, *see* § 2255(h)(1), (2). None of those avenues is available to Mr. Alvarado because his criminal matter concluded more than a year ago, he has already brought one motion under § 2255, and he did not obtain permission to file a second or successive § 2255. However, if a federal prisoner can show that § 2255 is "inadequate or ineffective to test the legality of his detention," then the prisoner may be able to obtain relief under the "saving clause" of 28 U.S.C. § 2255(e). *See Worman v. Entzel*, 953 F.3d 1004, 1008 (7th Cir. 2020). If a prisoner can satisfy the "inadequate or ineffective" provision of § 2255(e), then he can attempt to obtain relief under the general federal habeas statute, 28 U.S.C. § 2241. But different circuits evaluate the "inadequate or ineffective" provision differently, and the question of which circuit's law governs the "inadequate or ineffective" inquiry—be it the circuit in which the defendant was convicted or the circuit in which the defendant is housed—is unsettled. *See Chazen v. Marske*, 938 F.3d 851, 865 (7th Cir. 2019) ("Today's opinion avoids resolving the choice-of-law problem . . .") (J. Barrett, concurring). However, the Court need not resolve the choice-of-law issue or determine whether

Mr. Alvarado can proceed under the saving clause because, even assuming that he can, his petition must still be denied because his arguments are meritless.

Mr. Alvarado contends that under recent decisions of the U.S. Supreme Court, his prior burglary, false imprisonment, and drug convictions are no longer available to be used for sentencing enhancements under the ACCA, and so he is not subject to a 15-year minimum sentence. Under the ACCA, a defendant is subject to a 15-year minimum sentence if he has "three previous convictions by any court . . . for a violent felony or a serious drug offense, or both." 18 U.S.C. § 924(e)(1). Mr. Alvarado argues that determining whether a previous conviction qualifies as a predicate offense under the ACCA requires application of the categorial approach articulated in *Mathis v. United States*, 136 S. Ct. 2243 (2016). Under the categorical approach, "courts compare the elements of the crime of conviction with the elements of the 'generic' version of the listed offense—*i.e.*, the offense as commonly understood. For more than 25 years, our decisions have held that the prior crime qualifies as an ACCA predicate if, but only if, its elements are the same as, or narrower than, those of the generic offense." *Id.* at 2247. In *Mathis*, the defendants' prior crimes were all burglaries under Iowa law, so the Supreme Court compared the elements of burglary under Iowa law with the elements of the generic, commonly understood elements of burglary. *Id.* at 2250. It determined that the Iowa statute covered conduct that the generic offense did not because the generic offense involves only entry into buildings or other structures, while the Iowa statute also covers places such as land, water or air vehicles. *Id.*

Even if comparing the elements of Mr. Alvarado's prior burglary and false imprisonment offenses under Florida law to the elements of the corresponding generic offenses under *Mathis* eliminated those convictions as predicate offenses, a later Supreme Court decision makes clear that Mr. Alvarado's three prior drug offenses, each of which he pleaded guilty to, remain proper predicate offenses. In *Shular v. United States*, 140 S. Ct. 779 (2020), the Supreme Court distinguished between enhancements under the ACCA that are based on prior offenses from ones based on prior conduct. For instance burglary and arson are both "violent felonies" specifically enumerated in the statute, whereas "serious drug offenses" are defined not by the names of offenses, but rather the conduct they involve: "an offense under State law, involving manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance." 18 U.S.C. § 924(e)(2)(A)(ii). The Supreme Court held that because the definition of "serious drug offenses" spells out conduct rather than names offenses, a court need only compare the elements of the state statute to the conduct spelled out in the definition of serious drug offenses, rather than to the elements of a generic offense. *See Shular*, 140 S. Ct. at 785. In other words, if the state statute prohibits conduct that involves "manufacturing, distributing, or possession with intent to manufacture or distribute a control substance," then a conviction under that statute can serve as a predicate offense. *Shular* involved prior drug offenses under the exact same statute as Mr. Alvarado's prior offenses, Fla. Stat. § 893.13(1)(a). *See Shular*, 140 S. Ct. at 785. The Florida statute provides that "a person may not sell, manufacture, or deliver, or possess with intent to sell, manufacture, or deliver, a controlled substance." Fla. Stat. § 893.13(1)(a). Shular's prior violations under Fla. Stat. § 893.13(1)(a) involved "selling cocaine" and "possessing cocaine with intent to sell," and so under the categorical approach the conduct to which he pleaded guilty matched the conduct identified in the ACCA. *See Shular*, 140 S. Ct. at 784-85.

As applied to Mr. Alvarado's prior convictions, according to his Presentence Investigation Report he pleaded guilty to one count of selling or delivering cocaine on August 8, 1996, one count of selling cocaine on August 16, 2001, and one count of selling cocaine on August 24, 2001. PSR (Dkt. 31) at 7, 10-11. Selling and delivering controlled substances both fall within the ACCA's definition of state offenses that involve "manufacturing, distributing, or possession with intent to manufacture or distribute," and so his previous Florida drug offenses are proper predicate offenses under the ACCA.

Mr. Alvadaro argues that on each occasion he pleaded guilty to selling or delivering cocaine, he also pleaded guilty to possessing cocaine, which falls within the conduct prohibited by a different section of the Florida statute, Fla. Stat. § 893.13(2)(a), but does not fall within the conduct described in the definition of serious drug offenses under the ACCA. Because the many subparts of § 893.13 cover both selling *and* possession, Mr. Alvadaro contends that the Florida statute covers a broader range of conduct than described in the ACCA, and therefore his convictions under § 893.13 cannot serve as predicate offenses. Under the categorical approach, courts are limited to looking only at the text of the prior statute of conviction and the elements it sets out rather than the defendant's actual conduct, unless that statute is considered divisible. *See Descamps v. United States*, 570 U.S. 254, 257-58 (2013). A statute is divisible if it sets out one or more elements of the offense in the alternative. *Id.* at 257. For a divisible statute, courts may employ the modified categorical approach to look at charging documents, plea colloquies, or other comparable judicial records to determine which of the alternative offenses the defendant committed. *See Shepard v. United States*, 544 U.S. 13, 20-21 (2005). Florida Statute § 893.13 is a divisible statute because it sets out alternative offenses. *See Spaho v. United States Atty. Gen.*, 837 F.3d 1172, 1177-78 (11th Cir. 2016). In his PSR, Mr. Alvarado's probation officer sets out his three prior drug offenses that involved selling or delivering cocaine, PSR at 7, 10-11, and as the Eleventh Circuit noted in his direct appeal, "[b]ecause Alvarado failed to object to the underlying facts in the PS[R] as to prior felony convictions, he admitted those facts," *Alvarado*, 264 Fed. Appx. at 832; *see also United States v. Hunter*, 418 Fed. App. 490, 494 (7th Cir. 2011) (proper *Shepard* documents include undisputed portions of PSR). He does not now deny engaging in those previous drug offenses, and in his filings in this case corroborates that they were convictions under Fla. Stat. § 893.13(1)(a). *See, e.g.,* Dkts. 18 at 3; 24 at 4, 9. Accordingly, each of them are proper predicate offenses under 18 U.S.C. § 924(e)(1), because they involved conduct described in the ACCA, regardless of the fact that he also engaged in additional conduct not described in the ACCA. Because of his three prior serious drug offenses, he was subject to a 15-year minimum sentence even without considering his prior convictions for burglary and false imprisonment. Therefore, he was sentenced consistent with the ACCA, and his sentence did not exceed the statutory maximum or violate the Separation of Powers doctrine.

Accordingly, even assuming that Mr. Alvarado is able to proceed under 28 U.S.C. § 2241, his argument is nevertheless meritless.

## CONCLUSION

For the reasons given, Mr. Alvarado's motion to file an amended reply [24] and to take judicial notice [25] are granted, but his petition for habeas corpus relief under 28 U.S.C. § 2241 [1] and his amended petition [18] are denied.

Mr. Alvarado is advised that this is a final decision ending his case in this Court. If he wants to appeal, he must file a notice of appeal with this Court within 30 days of the entry of judgment. *See* Fed. R. App. P. 4(a)(1). Mr. Alvarado need not bring a motion to reconsider this Court's ruling to preserve his appellate rights. However, if he wishes the Court to reconsider its judgment, he may file a motion under Federal Rule of Civil Procedure 59(e) or 60(b). Any Rule 59(e) motion must be filed within 28 days of the entry of this judgment. *See* Fed. R. Civ. P. 59(e). A timely Rule 59(e) motion suspends the deadline for filing an appeal until the Rule 59(e) motion is ruled upon. *See* Fed. R. App. P. 4(a)(4)(A)(iv). A Rule 60(b) motion must be filed within a reasonable time and, if seeking relief under Rule 60(b)(1), (2), or (3), must be filed no more than one year after entry of the judgment or order. *See* Fed. R. Civ. P. 60(c)(1). A Rule 60(b) motion suspends the deadline for filing an appeal until the Rule 60(b) motion is ruled upon only if the motion is filed within 28 days of the entry of judgment. *See* Fed. R. App. P. 4(a)(4)(A)(vi). The time to file a Rule 59(e) or 60(b) motion cannot be extended. *See* Fed. R. Civ. P. 6(b)(2).

To the extent one is required, the Court declines to issue a certificate of appealability. *See* Rule 11 of the Rules Governing § 2254 Cases. Mr. Alvarado cannot show that reasonable jurists would debate, much less disagree, with this Court's resolution of his § 2241 petition. *Arredondo v. Huibregtse*, 542 F.3d 1155, 1165 (7th Cir. 2008) (citing 28 U.S.C. § 2253(c)(2), and *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

Date: May 20, 2021      By: _____
                                                         Iain D. Johnston
                                                         United States District Judge